UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RALPH E. ADDISON and | )    CASE NO. 18-11121(1)(13) |
| CHRISTINE ADDISON | ) |
| | ) |
| Debtors | ) |
| | ) |
| RALPH E. ADDISON and | )    AP NO. 19-01015 |
| CHRISTINE ADDISON, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| US BANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant | ) |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss Counterclaim filed by Plaintiffs/Debtors Ralph E. Addison and Christine Addison ("Debtors") against Defendant US Bank National Association ("USB"). USB filed a Response to the Debtors' Motion to Dismiss Counterclaim and its own Motion for Summary Judgment on all claims asserted against it in the Debtors' Amended Complaint. The Debtors also filed a Response to USB's Motion for Summary Judgment. Both the Debtors' Motion to Dismiss Counterclaim and USB's Motion for Summary Judgment pertain to the validity of USB's lien on the Debtors' real property obtained through a Mortgage executed by the Debtors in favor of USB in 2013. The Court's Opinion herein resolves

both the Debtors' Motion to Dismiss the Counterclaim and USB's Motion for Summary Judgment. For the following reasons, the Court determines that USB is entitled to summary judgment in its favor as a matter of law. Therefore, Debtors' Motion to Dismiss USB's Counterclaim is denied. An Order granting the Motion for Summary Judgment of USB and denying the Debtors' Motion to Dismiss USB's Counterclaim accompanies this Memorandum-Opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

This dispute arose out of a series of mortgage agreements between the Debtors and their mortgagee, USB. It is important to note at the outset that the Debtors possess two "tracts" of property that are located next to each other and were transferred to Debtors together in 2003. One tract is "Lot 56," which holds the Debtors' dwelling house, and the other tract is the adjacent "Lot 57," which is vacant. Both lots have the same address.

The first Mortgage agreement was executed between Debtor and USB on May 10, 2011 (the "2011 Mortgage"). The 2011 Mortgage security agreement identifies the mortgaged property as "108 Logan Lane, Russellville, Kentucky 42276," which is the mailing address for Debtors' home located on Lot 56. It also lists the tax parcel identification number for Lot 56 as 0619-01-00-056-00. The appraisal for the 2011 Mortgage assessed both Lots 56 and 57, and the legal description referred to Volume 349, Page 558 of the Logan County deed register in Russellville, Kentucky, where the recorded deed lists both "Lot No. 56" and "Lot No. 57" as transferred property. Confusingly, the recorded deed refers to Lot 56 as "Tract Two," and Lot 57 as "Tract One." The property was appraised at a value of $146,000 and a loan in the amount of $74,000 was extended.

In 2012, Debtors refinanced the mortgage and a new note and mortgage (the "2012 Mortgage") was executed in favor of USB. The security agreement for the 2012 Mortgage again

identifies the encumbered property as "108 Logan Lane," and the legal description attached to the mortgage lists the Lot 56 tax parcel number and refers to Volume 349, Page 558 of the Logan County records. However, the legal description also describes "Tract One," which corresponds to Lot 57, despite listing the tax parcel number for Lot 56. Once again, the appraisal performed for the 2012 Mortgage was for the property 108 Logan Lane (including the Debtors' dwelling), used the Lot 56 tax parcel number, and assessed a value of $146,000. USB extended a loan in the amount of $101,250, and the 2011 Mortgage was extinguished.

In 2013, Debtors refinanced their mortgage again (the "2013 Mortgage") in order to make improvements on the 108 Logan Lane residence. The 2013 Mortgage identifies the encumbered property as 108 Logan Lane, uses the Lot 56 tax parcel number, and references the property transferred by deed recorded at Volume 349, Page 558 of the Logan County deed register. As with the 2012 Mortgage, the legal description of the 2013 Mortgage lists "Tract #1" and "Lot No. 57." The 2013 appraisal document describes the property as 108 Logan Lane, uses the Lot 56 tax parcel number, has pictures of the home on Lot 56, and assessed a value of $151,500. A loan for $121,200 was extended in connection with the 2013 Mortgage, and the 2012 Mortgage was extinguished.

On November 26, 2018, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. In their Chapter 13 Plan, Debtors attempted to cramdown USB's lien to a secured value of $10,000, the appraised value of the vacant lot, Lot 57. USB filed an Objection to the Plan and asserted a secured claim of $109,764.25.

On June 6, 2019, Debtors initiated this Adversary Proceeding by filing the Complaint against USB challenging the validity, priority and extent of USB's secured claim of $109,764.25.

Debtors allege that the inclusion of "Lot No. 57" in the legal description leaves the 2013 Mortgage defective as to providing notice of any interest USB may have in Lot 56. Therefore,

3

they seek to use the Trustee's avoidance powers under Section 544 of the Bankruptcy Code to avoid the 2013 Mortgage against Lot 56.

USB filed its Answer and Counterclaim asserting the 2013 Mortgage does provide notice and is a valid encumbrance on Lot 56.

On October 22, 2019, Debtors filed their Motion to Dismiss USB's Counterclaim on the basis that the Counterclaim failed to state a claim upon which relief could be granted.

Following the filing of its Response to the Debtors' Motion to Dismiss its Counterclaim, USB filed a Motion for Summary Judgment against the Debtors contending it is entitled to judgment as a matter of law as to the validity of its lien on Lot 56 because the property was adequately described in the 2013 Mortgage. In the alternative, USB requests that the Court impose an equitable lien in its favor on Lot 56.

On January 28, 2020, the Debtors filed their Response to USB's Motion for Summary Judgment. For the following reasons, the Court will **GRANT** USB's Motion for Summary Judgment and **DENY** the Debtors' Motion to Dismiss USB's Counterclaim.

## LEGAL ANALYSIS

At issue before this Court is the status of a lien that USB claims encumbers a piece of Debtors' property and the dwelling located on it. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

USB seeks an Order granting summary judgment in its favor on all claims asserted against it pursuant to Fed. R. Civ. P. 56(c), made applicable to adversary proceedings through Fed. R. Bankr. P. 7056. Under that Rule, the court must grant summary judgment to the movant if they show that there is no genuine issue as to any material fact and that the movant is entitled to

4

judgment as a matter of law. The movant must demonstrate to the court that the non-movant's evidence is insufficient to establish an essential element of the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Thereafter, the non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) quoting Fed. R. Civ. P. 56(e). Where the record taken as a whole could not lead a rational fact finder to rule for the non-movant, there is no genuine issue for trial. Here, USB established that the Debtors cannot prove the essential elements of their claims asserted in the Amended Complaint and USB is entitled to judgment as a matter of law. Thus, summary judgment in favor of USB is appropriate on all claims asserted by Debtors regarding the validity of USB's lien on Lot 56.

### A. The mismatched lot number in the legal description does not, on its own, doom the validity of Defendant's mortgage against Lot 56.

When examining a mortgage, courts applying Kentucky law must consider the mortgage in its entirety, not just the legal description of property, to determine what property the mortgage encumbers. *Baker v. Mortg. Elec. Registration Sys., Inc.*, 2007 WL 3227573 (Ky. Ct. App. Nov. 2, 2007). In *Baker*, a description of the encumbered property was not properly incorporated by reference into the signed mortgage. The Kentucky Court of Appeals explained that it "need[ed] to examine the remainder of the mortgage to determine whether the property was adequately described therein, so as to give others notice of the property subject to the mortgage." *Id.* at *5. The court noted that the mortgage identified the disputed property's mailing address and referenced its recording location in the county clerk's office and held that the mortgage had sufficient information to identify the land intended to be encumbered. The case at hand presents a similar situation. The 2013 Mortgage provides the address, tax parcel number and deed record location for Lot 56, which should put third parties on notice of USB's interest in Lot 56.

5

Under Kentucky law, a legal description is not a required element of a mortgage. The Sixth Circuit Bankruptcy Appellate Panel has explained that "neither Ky. Rev. Stat. Ann. § 371.010 nor Ky. Rev. Stat. Ann. § 446.060 requires that a legal description of property be included in a mortgage or other instrument of conveyance," and that "Kentucky law does require some description of the property while allowing for 'great liberality' in testing the sufficiency of the description; the description is sufficient if it enables any interested party to locate the land." *In re Brockman*, 451 B.R. 421, 426–27 (B.A.P. 6th Cir. 2011) (internal citation omitted). Because a mortgage can sufficiently describe property so as to properly encumber it without the inclusion of a legal description at all, Debtors' contention that a legal description with an error dooms the validity of the encumbrance is incorrect. *See also In re Rothacre,* 326 B.R. 398, 399–400 (Bankr. E.D. Ky. 2005) (noting that the plaintiff trustee had not cited any Kentucky statute requiring a legal description for a valid mortgage and holding accordingly that the mortgage was validly enforceable against the debtors' otherwise identifiable property).

Bankruptcy courts in the Sixth Circuit have reached the same conclusion in cases, such as this one, where the defect in the legal description is not that it is improperly incorporated or missing, but rather an inconsistent lot number is listed in the description. For example, in *In re Jared*, 474 B.R. 521 (Bankr. S.D. Ohio 2011), the court applied a similar legal standard under Ohio law to a similar case, where the legal description had an inconsistent lot number and the bankruptcy trustee attempted to avoid a mortgage on the debtor's home on that basis. After examining the remainder of the mortgage, which contained a correct mailing address and parcel number, as well as extrinsic evidence of the parties' intent, the court determined that the mortgage encumbered the property despite the faulty lot number in the legal description.

    **B. The 2013 Mortgage contains adequate reference to Lot 56 to put a hypothetical bona fide purchaser on notice of USB's interest in the contested property.**

The legal crux of Debtors' claim is that they should be able to step into the shoes of the Chapter 13 Trustee and avoid the 2013 Mortgage as a hypothetical bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3), because the inconsistent reference to Lot 57 leaves that hypothetical purchaser without notice of USB's interest in Lot 56. This argument fails because the information provided on the face of the 2013 Mortgage is sufficient to create constructive or inquiry notice to a hypothetical bona fide purchaser, eliminating the trustee's ability to avoid a lien on those grounds. The District Court in this district has explained:

> Kentucky allows incorrect legal descriptions of property to confer constructive notice unless "the description is so insufficient as that the land cannot be identified." Consequently, if the mortgage "furnishes on its face marks by which the land intended to be embraced in it can be identified, or marks sufficient to put an intended purchaser on notice," it is enough to put one on constructive notice. A document should be enforced if the description provides enough information to gather the parties' intention "by any reasonable rules of construction."

*M & I Bank, FSB v. Wilkey*, 347 B.R. 222, 226 (W.D. Ky. 2005) (*citing and quoting Loeb v. Conley,* 160 Ky. 91, 169 S.W. 575, 579 (1914)).

Thus, the presence of a mistake in a mortgage's legal description does not destroy the mortgage's ability to confer notice. In *M & I Bank*, the defect in the legal description was the mailing address itself, which listed the wrong state, but the District Court held that the mortgage contained sufficient information to confer constructive notice. Here, the mortgage lists the correct mailing address, and under Kentucky law, "a property address is sufficient to put third parties on at least inquiry notice of a mortgagee's interest in property." *In re Rothacre*, 326 B.R. at 400. In addition to the property address, the mortgage contains the parcel number and deed location in the county records for Lot 56. The 2013 Mortgage confers inquiry or constructive notice of USB's interest in that lot and the dwelling on it.

### C. Examining the extrinsic evidence confirms that the parties intended the 2013 Mortgage to encumber Lot 56.

Kentucky law allows for consideration of extrinsic evidence to clarify a mortgage's property description by determining what property the parties intended to encumber. *See In re Brockman*, 451 B.R. at 427 ("a sufficient description may be found by looking not only to the face of the contract, but to extrinsic evidence") *and In re Rothacre*, 326 B.R. at 401 (supplementing information found on a mortgage document with extrinsic evidence of intent to ascertain the encumbered property). In *In re Jared*, 474 B.R. at 525, the court recited a similar principle under Ohio law and analyzed extrinsic evidence to determine whether a mortgage with a similar defect – an incorrect lot number in the legal description – did encumber the contested property. This case presents a comparable situation where it is appropriate for the Court to consider extrinsic evidence to provide final clarification on the legal description.

The extrinsic evidence clearly points to an intent between the parties to encumber Lot 56. The 2013 Mortgage was the third in a line of mortgage agreements, each of them replacing the one before. The original 2011 Mortgage unambiguously encumbered Lot 56, as it listed the mailing address and tax parcel number for Lot 56 and did not list Lot 57. After a series of refinancings on that original mortgage, the 2013 Mortgage was extended for the purpose of allowing Debtors financing to make improvements to their home – which is located on Lot 56. The 2013 Mortgage involved an appraisal of the Lot 56 property and the house on it, which resulted in an appraised value of $151,000 and a loan amount of $121,200. It stretches the bounds of reasonableness to believe that USB had Lot 56 appraised and lent Debtors $121,200 while only intending to encumber the vacant Lot 57, which has an estimated value of $10,000. Furthermore, throughout the course of these mortgages, the parties had agreed that Debtors would keep home insurance on their dwelling located on Lot 56, and Debtors provided proof of property insurance on their home

8

in connection with the 2013 Mortgage. It is clear to the Court that the parties intended the 2013 Mortgage to encumber Lot 56.

The documentary and extrinsic evidence are sufficient to establish that the 2013 Mortgage encumbers Lot 56 and the dwelling located on it, and that it provides constructive or inquiry notice to that effect. While USB raises the possibility of relief in the form of reformation of the agreement or an equitable lien, the Court finds it unnecessary to address these claims to resolve this controversy since it is clear that the 2013 Mortgage, unreformed and without any equitable additions, is a valid encumbrance on Lot 56.

## **CONCLUSION**

For all the above reasons, the Court will enter an Order granting USB's Motion for Summary Judgment as a matter of law. The Debtors' Motion to Dismiss USB's Counterclaim is denied. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 28, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RALPH E. ADDISON and | ) | CASE NO. 18-11121(1)(13) |
| CHRISTINE ADDISON | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| RALPH E. ADDISON and | ) | AP NO. 19-01015 |
| CHRISTINE ADDISON, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| US BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that there are no genuine issues of material fact and Defendant US Bank National Association ("USB") is entitled to judgment in its favor on all claims asserted against it in the Amended Complaint herein filed against it by Debtors Ralph E. Addison and Christine Addison. Therefore, the Motion for Summary Judgment of USB is **GRANTED**.

10

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Debtors' Motion to Dismiss the Counterclaim of USB is **DENIED**.

This is a final and appealable Order. There is no just reason for delay.

*Joan A. Floyd* (signature)
Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 28, 2020